IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **COASTAL BUILDERS, INC.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0104-WS-M |
| ) | |
| **FICON FABRICATORS, INC., et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on the defendants' motion to dismiss or, in the alternative, to transfer to a more convenient forum. (Doc. 4). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 5, 17),[1] and the motion is ripe for resolution. After carefully considering the foregoing materials, and all other relevant materials in the file, the Court concludes that the motion is due to be denied.

While the plaintiff is an Alabama citizen, the three defendants are all citizens of Mississippi. Moreover, the building made the subject of this dispute was constructed in Mississippi. From these facts and others, the defendants conclude that this Court lacks personal jurisdiction over the defendants and that, in the alternative, the Southern District of Mississippi would provide a more convenient forum. The Court considers these arguments in turn.

**I. Personal Jurisdiction.**

When, as here, the Court's subject matter jurisdiction is based exclusively on diversity of citizenship, the federal court may exercise personal jurisdiction to the same extent as a court of the forum state. *Molina v. Merritt & Furman Insurance Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000). Alabama's long-arm statute "extends the personal jurisdiction of Alabama courts to the limits of due process under the federal and state constitutions." *Ex parte Fidelity Bank*, 893 So. 2d 1116,

---

[1] The defendants elected not to file a reply brief as permitted by the Court. (Doc. 15).

1121 (Ala. 2004)(internal quotes omitted); *accord* Ala. R. Civ. P. 4.2(a)(2)(I); *Molina v. Merritt & Furman*, 207 F.3d at 1355-56. Similarly, "the due process guaranteed under the Alabama Constitution [is] coextensive with the due process guaranteed under the United States Constitution." *Ex parte Georgia Farm Bureau Mutual Automobile Insurance Co.*, 889 So. 2d 545, 550 (Ala. 2004)(internal quotes omitted). The inquiry in this case thus focuses on the requirements of the Fourteenth Amendment's Due Process Clause. *See, e.g., Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

### A. Procedure.

The Due Process Clause allows a court to assume personal jurisdiction over a nonresident defendant when he "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)(internal quotation marks omitted). The burden is on the plaintiff to demonstrate the existence of constitutionally sufficient minimum contacts with the forum; if the plaintiff does so, the defendant bears the burden of showing that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Molina v. Merritt & Furman*, 207 F.3d at 1358.

The parties have submitted evidentiary materials in support of their respective positions. While the consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, *see* Fed. R. Civ. P. 12(b), in the context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered. *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984).

An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory. *E.g., Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Bracewell v. Nicholson Air Services,* 748 F.2d at 1504. Because the parties did not request an evidentiary hearing, the Court exercises its discretion not to conduct one.

Absent an evidentiary hearing, the plaintiff need not prove the existence of personal jurisdiction

by a preponderance of the evidence; rather, the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *E.g., United States Securities & Exchange Commission v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). A prima facie case requires "enough evidence to withstand a motion for directed verdict." *Id.* (internal quotes omitted). In determining whether the plaintiff has established a prima facie case, the Court must accept as true all allegations of the complaint that are not controverted by evidence submitted by the defendant. *E.g., id; Bracewell v. Nicholson Air Services*, 748 F.2d at 1504. Thus, if the allegations of the complaint establish a prima facie case of personal jurisdiction and the defendant submits no evidence controverting those allegations, the jurisdictional inquiry comes to an end.

If the allegations of the complaint do not themselves establish a prima facie case of personal jurisdiction, or if they are controverted by the defendant's evidence, the plaintiff must respond with affirmative evidence to supply the deficiency. *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). If the plaintiff does so, its evidence is to be credited even if it conflicts with the defendant's evidence. *E.g., Molina v. Merritt & Furman*, 207 F.3d at 1356; *Morris v. SSE,* 843 F.2d at 492.

### B. Minimum Contacts.

The assessment of minimum contacts depends on whether the plaintiff asserts a cause of action "arising out of or related to" the defendant's contacts with the forum state ("specific jurisdiction") or one that does not ("general jurisdiction"). *Helicopteros Nacionales v. Hall*, 466 U.S. at 414 nn. 8-9. The parties agree that general jurisdiction is not at issue in this case. (Doc. 5 at 4-6; Doc. 17 at 1).[2]

To constitute minimum contacts sufficient to support specific jurisdiction, the defendant's contacts with the forum: (1) "must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum ..., thus invoking the benefits and protections of its

---

[2] The defendants suggest that specific jurisdiction is likewise unavailable because "there is absolutely no connection between the Southern District of Alabama and the subject of this litigation." (Doc. 5 at 6). As the discussion in text reveals, however, this lawsuit grows directly out of the defendants' contacts with Alabama.

laws"; and (2) "must be such that [the defendant] should reasonably anticipate being haled into court there." *SEC v. Carrillo*, 115 F.3d at 1542 (internal quotes omitted); *accord Burger King v. Rudzewicz*, 471 U.S. at 474-75 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) and *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

The defendants argue that the two contracts at issue were executed by them in Mississippi and that all work under the contracts was performed in Mississippi. (Doc. 5 at 2-3, 5). They further argue that their only contact with Alabama was defendant Naylor's two visits there, which they say were "[in]voluntary" appearances at the command of the plaintiff. (*Id*. at 4).

The plaintiff, however, points out that, according to Naylor's own affidavit, he also contacted Alabama by telefaxing the plaintiff a proposal. (Doc. 17 at 3). More significantly, the plaintiff has presented evidence that the very misrepresentations that form the basis of this lawsuit were made by Naylor in Alabama during the meetings he admits attending. (*Id*. at 3-4). Finally, the contract with defendant Panel Erectors, Inc. provides that it is to be governed by Alabama law. (*Id*. at 4).

The "purposeful availment" requirement precludes personal jurisdiction based on "random," "fortuitous" or "attenuated" contacts with the forum but permits the exercise of personal jurisdiction when the defendant "deliberately has engaged in significant activities within a State." *Burger King v. Rudzewicz*, 471 U.S. at 475-76 (internal quotation marks omitted). The defendants plainly engaged in significant activities in Alabama, so as to constitute "purposeful availment," by deliberately soliciting the plaintiff's business there,[3] participating in meetings with the plaintiff there,[4] making misrepresentations

---

[3]*See Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 994 (11th Cir. 1986)(a targeted business solicitation usually contributes to "purposeful availment").

[4]Naylor admits that, in Mobile, he "participate[d] in the development of the timing schedules and construction calendar." (Naylor Affidavit, ¶ 7). The plaintiff has presented evidence that the meetings also included discussion of the product's characteristics. (Gustin Affidavit, ¶ 4). These were substantive, important issues. *Cf. id*. at 993 (the conducting of significant negotiations of important contract terms in the forum state may well constitute "purposeful availment"); *see also Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 858 (11th Cir. 1990)("[a] significant single ... meeting in the forum state" may be sufficient).

The defendants' assertion that Naylor's physical presence at these meetings was involuntary is unsupported by his affidavit. Nor is Naylor's physical presence in Alabama the key. The defendants

about their product there,[5] and executing a contract designating Alabama law as controlling.[6]

The defendants make no separate argument concerning whether their contacts with Alabama were such that they should have reasonably anticipated being haled into court here. Given that this lawsuit rests on alleged misrepresentations made to the Alabama plaintiff in Alabama, this requirement is easily satisfied. *Molina v. Merritt & Furman*, 207 F.3d at 1358 (a defendant making fraudulent representations to a plaintiff in Alabama "should certainly have anticipated being haled into an Alabama court should a claim arise out of this conduct").

### C. Fair Play and Substantial Justice.

As noted, the defendants bear the burden of showing that, despite the existence of constitutionally sufficient minimum contacts with the forum, the assertion of personal jurisdiction would offend traditional notions of fair play and substantial justice. The defendants must "present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable," *Burger King v. Rudzewicz*, 471 U.S. at 477 (emphasis added), and only "rare[ly]" will a defendant be able to do so. *SEC v. Carrillo*, 115 F.3d at 1547 (internal quotes omitted).

---

have not argued — and could not legitimately argue — that they were free not to cooperate with the plaintiff by refusing to participate in planning meetings and refusing to respond to inquiries about their product. Thus, even had Naylor not traveled to Alabama, he would still have participated in the meetings, and made his representations, by telephone, telefax and/or e-mail. Because the reality of modern life is that much business is conducted in this fashion, once "purposeful availment" is demonstrated by such remote contacts, "[j]urisdiction ... may not be avoided merely because the defendant did not *physically* enter the forum State." *Burger King v. Rudzewicz*, 471 U.S. at 476 (emphasis in original).

[5]*Cf. Molina v. Merritt & Furman*, 207 F.3d at 1358 (a defendant making fraudulent representations to a plaintiff in Alabama "should certainly have anticipated being haled into an Alabama court should a claim arise out of this conduct").

[6]*See Sea Lift v. Refinadora Costarricense*, 792 F.2d at 994 (a "clause choosing forum law to govern a continuing business relationship showed purposeful availment")(describing *Gold Kist, Inc. v. Baskin-Robbins Ice Cream Co.*, 623 F.2d 375, 381 n.4 (5th Cir. 1980)).

Five factors are recognized as relevant to the inquiry: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Burger King v. Rudzewicz*, 471 U.S. at 477 (internal quotes omitted). In any given case, some of these factors may be irrelevant, and some may actually reinforce the appropriateness of personal jurisdiction as measured by the defendant's minimum contacts. *See id.* Indeed, these factors may weigh so heavily in favor of personal jurisdiction that they "establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id.*

To escape the consequences of their Alabama contacts, then, the defendants cannot simply show that the *Burger King* factors do not *favor* the exercise of personal jurisdiction; rather, they must show, in "compelling" fashion, that these factors affirmatively and heavily weigh *against* the assumption of personal jurisdiction despite the defendants' constitutionally sufficient contacts with Alabama. As discussed below, the defendants have not marshaled such a case.

### 1. Burden on the defendants.

The defendants insist that the burden of litigating in Mobile will be "great" because: they are Mississippi citizens; their residence/principal place of business is in Hattiesburg, Mississippi; their relevant records and documents are in Hattiesburg; the construction site is in Mississippi; the building's owners are in Mississippi; their witnesses are in Mississippi; and Naylor is 82 years old. (Doc. 5 at 7).

Even if litigating a case outside one's home state is inconvenient, the Supreme Court has made clear that modern advances in communication and transportation have reduced the significance of this factor to one of less than constitutional proportions. As early as 1957, the Court recognized that "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity." *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957). As the Eleventh Circuit noted in 1988, "[s]ince 1957, ... improvements in transportation and communication have improved many times over," further

"significantly decreas[ing] [the defendant's] burden." *Morris v. SSE*, 843 F.2d at 495. Nor have the defendants explained why it is any more burdensome for them to litigate this action in Mobile (which is approximately 100 road miles from Hattiesburg) than it would be to litigate in Gulfport (approximately 80 road miles from Hattiesburg).[7] To the extent the defendants argue that an Alabama forum is inconvenient for witnesses, the issue is one of venue, not jurisdiction. *See, e.g., Burger King v. Rudzewicz*, 471 U.S. at 477 (because "a defendant claiming substantial inconvenience may seek a change of venue," such a consideration "usually may be accommodated through means short of finding jurisdiction unconstitutional").

### 2. Alabama's interest.

The defendants posit that Alabama has "does not have any interest in deciding" this lawsuit. (Doc. 5 at 7). On the contrary, the lawsuit arises out of alleged misrepresentations made in Alabama to an Alabama citizen, and "Alabama has an interest in providing a forum to its residents for the adjudication of disputes occurring within its borders," *Ex parte MONY Federal Credit Union*, 668 So. 2d 552, 560 (Ala. 1995), including cases of fraud. *E.g., Lowry v. Odom*, 621 So. 2d 1262, 1266 (Ala. 1993).

### 3. The plaintiff's interest.

The defendants argue that the plaintiff "should have no objection" to litigating in Mississippi because of its extensive contacts with that state and because the parties may want to call Mississippi witnesses beyond the subpoena power of this Court. (Doc. 7-8).

The defendants' argument is flatly irrelevant. The issue is whether the plaintiff's interest in obtaining convenient and effective relief would be compromised by the denial of personal jurisdiction, in

---

[7]The defendants do not challenge the plaintiff's assertion that court in Mississippi would be held in Gulfport. *See* 28 U.S.C. § 104(b)(4).

-7-

which case the argument in favor of personal jurisdiction is strengthened.[8] The defendants have cited, and the Court has located, no case holding that the converse is also true, such that the plaintiff's unfettered ability to sue in another forum weighs against the exercise of jurisdiction in the plaintiff's chosen forum.

At any rate, the defendants have made no showing that it would be more "convenient and effective" for the plaintiff to litigate in Mississippi. This Court's subpoena power in Mississippi extends 100 miles from the courthouse, Fed. R. Civ. P. 45(b)(2), and the defendants have neither identified any potential witness beyond that radius nor suggested that any such witness will not testify absent subpoena.

### 4. Interstate judicial system's interest.

The defendants ignore this factor. It generally considers the judicial system's interest in avoiding duplicative litigation, *see Molina v. Merritt & Furman*, 207 F.3d at 1358, which is not a concern here. To the extent this factor extends beyond the inefficiency of multiple lawsuits to the convenience of parties and witnesses, *see Morris v. SSE*, 843 F.2d at 495, these concerns are properly addressed through a motion to transfer venue, not an attack on personal jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. at 477.

### 5. Shared interests of the states.

The defendant argues that it is "in the best interest of the State of Mississippi" to have a Mississippi forum, given that state's connection to the lawsuit. (Doc. 5 at 8). That may be so, but the defendants have not explained how this lawsuit implicates "fundamental substantive social policies" of Mississippi any more than it does those of Alabama.

---

[8] *See, e.g., Sea Lift v. Refinadora Costarricense*, 792 F.2d at 993 n.4 (plaintiff had only one forum available); *Molina v. Merritt & Furman,* 207 F.3d at 1358 (to deny personal jurisdiction would require the plaintiff to sue multiple defendants in multiple fora and would significantly "immunize" the non-resident defendants).

In summary, the plaintiff has met its burden of establishing constitutionally sufficient minimum contacts with Alabama, and the defendants have not met their burden of presenting a compelling case that the exercise of jurisdiction over them would nevertheless offend traditional notions of substantial justice and fair play. Accordingly, their motion to dismiss for lack of personal jurisdiction is due to be denied.

## II. Transfer of Venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendants argue that this action should be transferred to the Southern District of Mississippi pursuant to this provision.

It is undisputed that subject matter jurisdiction, personal jurisdiction and venue all are proper in the Southern District of Mississippi, which is therefore a district in which this action "might have been brought." *See, e.g., Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n.5, 1107 (5th Cir. 1981). The issue thus becomes "the convenience of parties and witnesses" and "the interest of justice."

"[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re: Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The defendants begin this exercise with a handicap, because "[t]he federal courts traditionally have accorded a plaintiff's choice of forum considerable deference," *id.*, so that the defendants must show that the plaintiff's choice is "clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)(internal quotes omitted).[9]

As previously noted, the defendants reside in Hattiesburg, within road 100 miles of Mobile and roughly 80 road miles from Gulfport. The defendants offer, and the Court can divine, no reason why it would be meaningfully more convenient for them to litigate in one forum than the other. Nor have the defendants identified a single witness more remote than they. Since the defendants admit that the

---

[9]The defendants' effort to trivialize this controlling precedent as merely the opinion of "some courts," (Doc. 5 at 10), is unavailing.

convenience of the witnesses is (after the plaintiff's choice of forum) the "most important factor," (Doc. 5 at 10), their inability to show that a Mississippi forum is more convenient than an Alabama forum effectively dooms their motion for transfer.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss or, in the alternative, to transfer to a more convenient forum is **denied**.

DONE and ORDERED this 29th day of April, 2005.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE